# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-475-RJC-DCK

| | |
|---|---|
| F. L. ANDERSON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FMC CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Deposition And Discovery Of Plaintiff" (Document No. 20). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

F.L. Anderson, Jr. ("Plaintiff" or "Anderson") filed a "Complaint" (Document No. 1-1) in the Superior Court of Gaston County, North Carolina, on August 23, 2010. The Complaint asserts a claim for "retaliatory termination in direct violation of N.C.G.S. §95-240 through §95-245" against FMC Corporation ("Defendant" or "FMC"). (Document No. 1-1, p.8). "Defendant's Notice Of Removal" (Document No. 1) was filed on September 24, 2010.

A "Pretrial Order And Case Management Plan" (Document No. 7) was filed on July 28, 2011. Since that filing, there have been several extensions of the case deadlines. See (Document Nos. 9, 11, 13, 17 and 23). Discovery was to be completed by May 11, 2012; dispositive motions were due by June 8, 2012; and this matter is currently scheduled for trial on September 24, 2012. (Document Nos. 17 and 23).

"Defendant's Motion To Compel Deposition And Discovery Of Plaintiff" (Document No. 20) was filed on May 24, 2012. "Plaintiff's Response To Defendant's Motion To Compel Deposition And Discovery Of Plaintiff" (Document No. 22) was filed June 5, 2012. "Defendant FMC Corporation's Reply..." (Document No. 25) was then filed on June 14, 2012. As such, the pending motion to compel is ripe for disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

"Defendant's Motion To Compel..." seeks to compel Plaintiff to: (1) appear for a continued deposition "to provide testimony of his job search efforts and the Pinkerton surveillance tape;" (2) fully respond to Request For Production No. 5 providing that Plaintiff "[p]roduce any and all documents reflecting or pertaining to your efforts to obtain employment since your work assignment ended at Ingersoll Rand;" and to (3) "provide a specific and detailed verified answer to Plaintiff's Second Set of Interrogatories, interrogatory number 1." (Document No. 20). Interrogatory No. 1 requests that Plaintiff:

> 1. Please list each and every attempt and/or effort you have made to obtain employment since you ceased working at FMC. For each instance state the following:
>
>    a. Name and address of employer;
>    b. Date of application;
>    c. Date of any interview (telephone or in person);
>    d. Position applied for;
>    e. Posted rate or range of compensation or expected compensation for position applied.
>    f. Names of any and all persons Plaintiff spoke to at each employer.

(Document No. 21, p.6).

Defendant originally took Plaintiff's deposition on February 22, 2012. At that deposition, Plaintiff apparently acknowledged that he had documents responsive to Request For Production No. 5 which he had not yet produced. (Document No. 20, p.2) (citing Document No. 20-2, pp.2-5). Defendant's counsel then stated that he "would like to hold the dep[osition] open to be able to address those documents that we've requested." (Document No. 20-2, p.5). Plaintiff's counsel responded, "No problem at all." Id.

The parties later made several attempts to schedule a continued deposition of Plaintiff.

(Document No. 20, pp.4-5). On May 15, 2012, Plaintiff's counsel informed Defendant's counsel that Plaintiff would be "available this Friday, May 18, 2012, at 11:00 a.m. for a video deposition." (Document No. 20-12, p.2). Later on May 15, 2012, however, Plaintiff's counsel sent a letter to Defendant's counsel advising that he objected to re-opening his client's deposition because it "would be beyond the scope of discovery in this matter." (Document No. 20-14, p.3). Plaintiff's counsel asserted that Mr. Anderson had already been deposed for approximately nine (9) hours. Id.[1]

In response, Plaintiff concedes that the parties agreed that Plaintiff's deposition would be left "open to allow further testimony from Plaintiff concerning the correspondence that he would supply regarding his job search." (Document No. 22, p.2). Plaintiff also contends that since the deposition he has "supplied "Defendant with every document and correspondence that he has sent pursuant to his job search since he was terminated from his position at FMC." (Document No. 22, p.3). Despite his earlier agreements that the deposition could be continued, Plaintiff now asserts that re-opening the deposition "is inappropriate and unreasonable." The undersigned respectfully disagrees.

Although it appears Plaintiff has provided some supplementation to his original discovery responses, including attaching his resume and other documents to "Plaintiff's Response..." to the pending motion to compel, Defendant still contends that Plaintiff's responses are inadequate. (Document No. 22-1, 22-2, and 25). Specifically, Defendant argues that Plaintiff has failed to disclose any correspondence *from* potential employers, or to provide important details such as the dates of his letters, or the names of persons he has corresponded with by letter, e-mail, or phone.

---

[1] "Plaintiff's Response..." acknowledges that the deposition began at 9:56 a.m. on February 22, 2012, and concluded at 5:45 p.m. (Document No. 22, p.1). As such, the deposition actually lasted less than eight (8) hours.

(Document No. 25, pp.1-3). Defendant argues for the first time in its reply brief that Plaintiff should be compelled to provide any an all computer devices he has utilized since October 1, 2009, to send and/or receive correspondence with prospective employers. (Document No. 25, p.4). Defendant also asserts that Plaintiff has failed to verify his interrogatory responses pursuant to Fed.R.Civ.P. 33(b). Id.

Based on the foregoing, the undersigned is not persuaded that Plaintiff has provided full and complete responses to Defendant's Request For Production No. 5 and Interrogatory No. 1 of the Second Set of Interrogatories. The Court will therefore order Plaintiff to supplement his responses to these requests. The Court will decline to require Plaintiff to turn over any computer devices at this time; however, Plaintiff is instructed to conduct his own search of such devices, as well as his e-mail account(s), so that he can more fully respond to these discovery requests.

In addition, the undersigned agrees that Plaintiff's deposition should be continued. Plaintiff simply fails to provide any logical explanation for why he agreed to continue the deposition, provided a date and time he was available, and then suddenly decided to object to any additional testimony.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Deposition And Discovery Of Plaintiff" (Document No. 20) is **GRANTED** as follows: (1) Plaintiff shall provide supplemental discovery responses, as described herein, on or before **July 13, 2012**; (2) all of Plaintiff's responses to interrogatories shall comply with Fed.R.Civ.P. 33; and (3) Plaintiff's deposition shall be continued at the office of Defendant's counsel on or before **July 25, 2012**.

**IT IS FURTHER ORDERED** that Defendant's request for costs and fees associated with bringing the instant motion are **DENIED WITHOUT PREJUDICE**. The Court may reconsider

this request at a later date, pending Plaintiff's compliance with this Order.

**IT IS FURTHER ORDERED** that the parties shall confer on or before **July 6, 2012**, in a good faith effort to resolve the dispute underlying "Plaintiff's Motion To Compel Production Of Unredacted File From Witness, Janet Mullins" (Document No. 24) without further Court intervention.

**SO ORDERED**.

Signed: June 28, 2012

David C. Keesler
United States Magistrate Judge