**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.  3:10-CV-475-DCK**

| | | |
|---|---|---|
| **F.L. ANDERSON JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **FMC CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

    **THIS MATTER IS BEFORE THE COURT** on "Defendant FMC Corporation's Motion To Hold Plaintiff In Contempt Of Court;  Defendant's Motion To Find Plaintiff Guilty Of Spoliation Of Evidence;   And Motion For Related Sanctions Including Dismissal Of Plaintiff's Claims For Backpay" (Document No. 33);   "Defendant-Counter Plaintiff FMC Corporation's Motion For Summary Judgment As To Its Claim Against Plaintiff For Breach Of Contract" (Document No. 40);  and "Plaintiff-Counter Defendant F.L. Anderson Jr.'s Motion To Dismiss Defendant FMC Corporation's Breach Of Contract Complaint" (Document No. 42). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition.  Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion for sanctions, in part, and <u>deny</u> the other motions.

## I.        BACKGROUND

    Plaintiff F.L. Anderson Jr. ("Plaintiff" or "Anderson") was employed by Defendant FMC Corporation ("Defendant" or "FMC") as an electrical engineer at FMC's Bessemer City, North

1

Carolina production facility from September 10, 2007 to October 31, 2009. (Document No. 1-1; Document No. 4-1; Document No. 41-1). Anderson purportedly injured his spine, neck, and/or shoulder on October 11, 2009, while lifting an object on FMC's premises. Id.

One hour after the accident, Anderson reported his resulting injury to FMC via an email to his supervisor Sam Harwell ("Harwell") and Shirley Fortner ("Fortner"). (Document Nos. 1-1, 4-1). On October 12, 2009, Anderson left a voice message for Harwell stating that he "would not be able to work due to the pain he was experiencing from the accident." Id. The next day, FMC sent Anderson to be evaluated by Dr. Thomas Maskell in Greenville, South Carolina. Id. Anderson "returned to Dr. Maskell on October 19, 2009, where he reported he was unable to work because he was in too much pain." "Between October 13th and October 23rd 2009, the employees for the defendant met multiple times to discuss plaintiff's workers' compensation claim." Id. Janet Mullins ("Mullins") was the workers' compensation carrier's representative assigned to Anderson's claim. Id.

FMC's management informed Mullins on or about October 23, 2009, that Anderson's workers' compensation claim was denied. Id. On November 10, 2009, FMC sent a letter to Anderson stating that

> You have not responded nor called with any information concerning your medical condition or your job at FMC. You have been paid through October 31, 2009 despite the lack of supporting medical information.
>
> Based upon this lack of information and your failure to keep FMC informed of your work status, FMC will consider you as a resignation effective October 31, 2009.

(Document No. 1-1, p.22).  Anderson does not indicate what, if any, response he made to FMC's letter notifying him that it "would consider him resigned effective October 31, 2009." (Document No. 4-1, p.9).

Anderson "filed an employment discrimination complaint with the North Carolina Department of Labor and received a right to sue letter dated May 27, 2010."  (Document Nos. 1-1, 4-1).  On August 23, 2010, Anderson filed a "Complaint" (Document No. 1-10 against FMC in the Superior Court of Gaston County, North Carolina.  Then on September 23, 2010, Anderson filed his "Amended Complaint" (Document No. 4-1) in the Gaston County court.  The Amended Complaint alleges violation of the North Carolina Retaliatory Discrimination Act ("REDA") N.C.Gen.Stat. § 95-240 *et seq.* and "Wrongful Discharge in violation of North Carolina Public Policy."  (Document No. 4-1).  Plaintiff specifically alleges that his "termination by the defendant was willful, wrongful and discriminatory and done in retaliation against plaintiff for pursuing workers' compensation claim for compensable injuries that he sustained arising out of and in the course and scope of his employment with the defendant."  (Document No. 4-1, p.9).  "Defendant's Notice Of Removal" (Document No. 1) was filed with this Court on September 24, 2010.

On September 29, 2010, the parties executed an "Agreement For Final Compromise Settlement And Release" ("Agreement" or "Settlement Agreement").  (Document No. 41-1).  The Settlement Agreement provides that "[a]fter an investigation, the claim was reasonably denied for failure to state an injury by accident, via Form 61, filed on or about October 26, 2009."  (Document No. 41-1, p.2).  The Settlement Agreement further states that based on a report by a Dr. Stovall, "a Form 60 was filed on August 30, 2010 accepting the left shoulder and neck at C5/C6" and the "[t]his settlement resolves any and all claim for benefits under the Act

3

relating to the October 11, 2009 incident." (Document No. 41-1, pp.2-3). The terms and conditions of settlement provide that Anderson "has agreed to forever compromise and settle all matters and things at issue between himself and the Defendants on the following terms" which include approval of the North Carolina Industrial Commission and Defendant's payment of 95,000.00 to Plaintiff. (Document No. 41-1, p.4).

The undersigned also notes additional pertinent excerpts from the Settlement Agreement as follow:

> IN REACHING THIS AGREEMENT, the parties have considered all issues and agree and place great importance on the need for finality in this litigation
>
> the terms of this Agreement are contractual and not mere recital, and the sum of money recited in this Agreement . . . is all that the said Employee-Plaintiff will ever receive
>
> and the said Defendants are expressly and particularly released from any and all further liability to Employee-Plaintiff by reason of any right or claim he may have, or which may hereafter arise, to reopen this action or to claim further benefits, whether compensation, medical, death, or otherwise.

(Document No. 41, pp.5- 9). The parties' Settlement Agreement does not specifically address the litigation pending before this Court.

Instead of filing a counterclaim, dispositive motion, and/or seeking other relief in the lawsuit already before this Court, FMC initiated a new lawsuit with the filing of a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on or about April 27, 2012. (3:12-cv-368-GCM, Document No. 1-1). FMC's Complaint asserts a claim for breach of contract based on Anderson's alleged "breach of terms contained in a settlement agreement between the parties settling [Anderson's] claim for workers' compensation benefits." (3:12-cv-368-GCM, Document No. 1-1, p.8). Specifically, FMC alleged that Anderson "breached the

4

Agreement by, among other things, taking the position and maintaining in a lawsuit he filed in the United States District Court for the Western District of North Carolina, F.L. Anderson v. FMC Corporation, case number 3:10-cv-00475, and that FMC did not have a reasonable basis to dispute his claim for worker's compensation." (3:12-cv-368-GCM, Document No. 1-1, p.10). FMC further asserted that "the parties expressly agreed and acknowledged that FMC reasonably denied [Anderson's] claim for worker's compensation." Id.

Anderson filed "Defendant's Notice Of Removal" bringing the Mecklenburg County action, 12-CVS-8267, to this Court on June 13, 2012. (3:12-cv-368-GCM, Document No. 1). Anderson's "…Notice Of Removal" states that the claims alleged in Civil Action No. 3:10-cv-00475 "are so related to the claims" in 12-CVS-8267, "that they form part of the same case or controversy." (3:12-cv-368-GCM, Document No. 1, p.2). It appears that Anderson's "…Notice Of Removal" was the first notice to the Court of the parties' Settlement Agreement.

On August 10, 2012, Anderson filed "Plaintiff's Motion For Joinder Of Claims and Motion To Restablish Deadlines For Discovery And Motions" (Document No. 30) seeking to consolidate Civil Action No. 3:12-cv-368-GCM with Civil Action No. 3:10-cv-475-RJC. Anderson's "…Motion For Joinder…" asserts that "[b]oth claims arise out of the same subject matter including but not limited to plaintiff's employment with Defendant FMC Corporation, **Plaintiff's workers' compensation claim** with FMC Corporation and Plaintiff's wrongful discharge claim." (Document No. 30, p.1) (emphasis added). On August 21, 2012, the Honorable Robert J. Conrad, Jr. granted "Plaintiff's Motion For Joinder Of Claims …" (Document No. 30), noting FMC's consent, and directing that the two cases be consolidated and transferred to the Honorable Graham C. Mullen. (Document No. 31). Also on August 22, 2012, the undersigned's assignment to this case was removed.

5

On August 29, 2012, Judge Mullen entered a "Pretrial Order And Case Management Plan" (Document No. 32). The "Pretrial Order…," among other things, set the following case deadlines: discovery – November, 1, 2012; mediation – November 15, 2012; and dispositive motions -- December 1, 2012. (Document No. 32).

"Defendant FMC Corporation's Motion To Hold Plaintiff In Contempt Of Court; and Defendant's Motion To Find Plaintiff Guilty Of Spoliation Of Evidence; And Motion For Related Sanctions Including Dismissal Of Plaintiff's Claims For Backpay" (Document No. 33) was filed September 14, 2012; and "Defendant-Counter Plaintiff FMC Corporation's Motion For Summary Judgment As To Its Claim Against Plaintiff For Breach Of Contract" (Document No. 40) was filed on November 1, 2012.

On or about November 7, 2012, the undersigned magistrate judge was reassigned to this case and referred the pending motions. The parties failed to contact the Court regarding alternative dispute resolution ("ADR") by the November 15, 2012 mediation deadline, and neither party requested an extension of time to complete ADR. (Document No. 32, p.5). On November 19, 2012, "Plaintiff-Counter Defendant F.L. Anderson Jr.'s Motion To Dismiss Defendant FMC Corporation's Breach Of Contract Complaint" (Document No. 42) was filed and referred to the undersigned.

The parties' "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 50) was filed on February 25, 2013, and as of February 28, 2013, all of the pending motions (Document Nos. 33, 40 and 42) are ripe for disposition.

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. <u>See</u> <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir.

1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party

8

opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

### III. DISCUSSION

#### A. Breach of Contract

Anderson's "...Motion To Dismiss Defendant FMC Corporation's Breach Of Contract Complaint" (Document No. 42) asserts that FMC's breach of contract claim should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6). (Document No. 42, p.1). Because subject matter jurisdiction is a threshold issue, it is appropriate to begin the analysis of the issues currently before the Court with Anderson's motion to dismiss. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). As noted above, a district court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

#### 1. Jurisdiction

First, the undersigned notes that although Anderson's motion states that he seeks dismissal pursuant to 12(b)(2), he fails to include *any* argument or authority to support that contention. (Document Nos. 42, 43, 49). As such, the undersigned will consider Anderson's personal jurisdiction argument to be abandoned.

9

Next, Anderson argues that this Court lacks subject matter jurisdiction over FMC's breach of contract claim pursuant to Fed.R.Civ.P. 12(b)(1). (Document No. 42; Document No. 43, p.4). As an initial matter, the undersigned observes that it was Anderson who removed FMC's breach of contract complaint to this Court more than six (6) weeks after it was filed in Mecklenburg County Superior Court. (3:12-cv-368, Document No. 1). Anderson's "…Notice Of Removal" specifically asserts that "this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a)" and that "the claims alleged in this matter are **so related** to the claims in <u>FMC Corporation v. F.L. Anderson, Jr.</u>, 12-CVS-8267 that **they form part of the same case or controversy**." <u>Id.</u> (Emphasis added). In seeking removal to this Court, Anderson further argues that "[c]onvenience, fairness and judicial economy supports a finding that this court has supplemental jurisdiction over this breach of contract stated claim filed by FMC." <u>Id.</u>

Anderson has offered no explanation for the evolution of his original position that "fairness and judicial economy" require FMC's breach of contract claim to be litigated in this Court, to his current position that Fed.R.Civ.P. 12(b)(1), (2) and (6) mandate the complete dismissal of the breach of contract claim. Anderson has noted that "[l]ack of subject matter jurisdiction may be raised at any time by either party or by the Court itself," but that statement fails to support Plaintiff's complete reversal on the issue of jurisdiction. (Document No. 49, p.8). Anderson cites no new evidence or information supporting his decision to remove to this Court based on diversity, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367, then to wait five (5) months and demand dismissal based on a lack of personal and/or subject matter jurisdiction. Arguably, "[c]onvenience, fairness and judicial economy" might have been better served by a different approach.

The crux of Anderson's argument now is that neither this Court, nor the North Carolina courts, have jurisdiction to consider the alleged breach of the parties' Settlement Agreement. (Document Nos. 42-43). Rather, the "North Carolina Industrial Commission retains exclusive jurisdiction over the claims asserted in FMC's Breach of Contract Complaint and therefore it should be dismissed for lack of subject matter jurisdiction in accordance with Rule 12(b)(1), F.R.C.P. and Chapter 97-91 of the North Carolina General Statutes." (Document No. 42, p.3). N.C.Gen.Stat. § 97-91, provides that "[a]ll questions arising under this Article **if not settled by agreements of the parties interested therein**, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." (Emphasis added). The referenced "Article" means "The North Carolina Workers' Compensation Act." N.C.Gen.Stat. § 97-1.

Anderson contends that only the North Carolina Industrial Commission (the "Commission") "has the judicial power to set aside a workers' compensation agreement that they have approved," and therefore, FMC's claims should be dismissed. (Document No. 42, p.3). However, it appears that Anderson misconstrues the relief FMC has requested. FMC does not seek to "set aside" the Settlement Agreement; to the contrary, FMC's action seeks damages for Anderson's alleged breach of the Settlement Agreement and to enjoin him from continuing to breach the Settlement Agreement. (3:12-cv-368-GCM, Document No. 1-1, pp.10-11; Document No. 47, pp.3-4). FMC seeks to enforce the Settlement Agreement, not set it aside. Id.

The evidence actually indicates that it is Anderson, not FMC, who is suggesting there may be some fraud, misrepresentation, undue influence or mutual mistake as to the parties' Settlement Agreement, because Anderson now asserts that "his workers' compensation case should have been accepted" in contradiction to the parties' Settlement Agreement he signed

11

which states that "the claim was reasonably denied for failure to state an injury." See (Document No. 41-3, p.2 and Document No. 41-1, pp.2, 4); see also, N.C.Gen.Stat. § 97-17:

> No party to any agreement for compensation approved by the Commission shall deny the truth of the matters contained in the settlement agreement, unless the party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Commission may set aside the agreement.

As such, it appears that it is Anderson who was more likely to find jurisdiction with the Commission to the extent he now refutes the truth of some parts of the Settlement Agreement he executed.

Anderson contends that N.C.Gen.Stat § 97-91 gives the Commission exclusive jurisdiction over FMC's breach of contract claim; however, § 97-91 provides that all questions under the Workers' Compensation Act (the "Act") shall be determined by the Commission "**if not settled by agreements of the parties interested therein**." Here, there is no dispute that the interested parties settled their questions under the Act through a Settlement Agreement approved by the Commission. The remaining questions are whether Anderson has breached the Settlement Agreement, or whether FMC's alleged termination of Anderson was retaliatory or in violation of public policy. It does not appear that these remaining questions fall under the Act.

FMC argues that the Commission's jurisdiction is limited by statute, and that the Act "does not take away common law rights, unrelated to the employer-employee relationship." (Document No. 47, p.3) (citing Clark v. Gastonia Ice Cream Co., 261 N.C. 234, 238 (1964); Eller v. J&S Truck Servs. Inc., 100 N.C. App. 545, 546 (1991); N.C. State Bar v. Gilbert, 151 N.C.App. 299 (2003); and North Carolina Chiropractic Assoc. v. Aetna Cas. & Sur. Co., 89 N.C.App. 1 (1988)). FMC concludes that its breach of contract claim does not relate to the rights

12

of the employee (Anderson), but rather to those of FMC, and that its claim does not relate in any tangible way to Anderson's receipt of worker's compensation benefits. Id. FMC asserts that Anderson has received the benefits to which he is entitled and the Commission is exempted by statute from maintaining jurisdiction over questions settled by agreement approved by the Commission. Id.

FMC contends that North Carolina caselaw supports a finding that settlement agreements approved by the Commission are enforceable by the courts. (Document No. 47, p.4) (citing Pruitt v. Knight Publishing Co., 289 N.C. 254, 258 (1976) ("the settlement as approved becomes an award enforceable, if necessary, by a court decree"); and Watts v. Hemlock Homes of the Highland, Inc., 141 N.C.App. 725, 727 (2001) ("[o]nce the Industrial Commission makes an award, however, the superior court has jurisdiction to enforce the award."). Moreover, FMC argues that Anderson "has failed to cite one case where a party has been permitted to seek redress before the Industrial Commission for a worker's breach of a Commission approved settlement agreement. (Document No. 47, pp.4-5).

In reply, Anderson argues that none of the cases cited by FMC are relevant, or "change the fact that the North Carolina Industrial Commission has exclusive jurisdiction over all matters concerning an employer and employee." (Document No. 49, p.2). Anderson concludes that neither party to a settlement agreement approved by the Commission can sue the other party for breach of contract. (Document No. 49, p.3).

Anderson contends that Coleman v. Medi-Bill Inc., 1:01-cv-171, 2001 WL 1160566 (W.D.N.C. Sept. 21, 2001) "clearly states that Defendant FMC cannot file a Breach of Contract Complaint against Defendant in Civil Court." (Document No. 49, p.4). The undersigned is less convinced that the "Memorandum And Recommendation" (1:01-cv-171, Document No. 8) in

<u>Coleman</u> is so clearly applicable to this case. In fact, Anderson's reliance on <u>Coleman v. Medi-Bill Inc.</u>, 1:01-cv-171, 2001 WL 1160566 (W.D.N.C. Sept. 21, 2001) is misplaced because the Honorable Lacy H. Thornburg sustained the plaintiff's objection to the "Memorandum And Recommendation' cited by Anderson in a "Memorandum And Order" (1:01-cv-171, Document No. 13) filed November 29, 2001.

Judge Thornburg's decision reveals a distinction from the instant case in that the named defendant in <u>Coleman</u> "was not a signatory party to the settlement agreement" and had "no 'bone to pick' with any named part to the settlement agreement." (1:01-cv-171, Document No. 13, p.3). Judge Thornburg also opined that

> the essential issue presented here is the same under both [28 U.S.C. § 1445 (c)] and N.C. Gen. Stat. §97-91; that is, do the Plaintiff's claims "arise under" the workmen's compensation laws of North Carolina. . . . The essential question is whether a right created by North Carolina's Worker's Compensation Act constitutes an essential element of the Plaintiff's claim.

(1:01-cv-171, Document No. 13, pp.5-6). Judge Thornburg concluded that the challenge to subject matter jurisdiction in <u>Coleman</u> should be overruled, and that the case would continue in this Court. (1:01-cv-171, Document No. 13, pp.7-8). In doing so, Judge Thornburg made the following observations which are instructive in the instant case:

> Rather than arising out of a claim for worker's compensation, Plaintiff's claims simply arise out of the execution of a custodial agreement. No more, no less. He alleges that the Defendant has failed to live up to contractual and fiduciary duties in administering funds which he received in settlement of a worker's compensation claim. . . . In this case, Plaintiff does not allege that any right created by the Workers' Compensation Act has been violated by the Defendant. He does not allege any interference with his medical treatment or the payment of funds on the part of his employer. It is true that the basis of the contractual rights is the settlement of a worker's compensation claim. . . . it does not,

14

however, follow that Plaintiff's rights under the contract "arise under" the worker's compensation laws of North Carolina.

(1:01-cv-171, Document No. 13, p.7).

Anderson's reply brief attempts to distinguish some of the cases cited by FMC. (Document No. 49). The parties then filed a Sur-Reply (Document No. 53) and a Sur-Sur-Reply (Document No. 54) further arguing state and Commission decisions they contend are relevant to jurisdiction.[1]

The parties reach very different conclusions regarding proper jurisdiction of FMC's claim. There do not appear to be any cases as precisely on point as the parties, or the Court, would like. Nevertheless, on balance the undersigned is persuaded that this Court's jurisdiction over FMC's claim is appropriate, and that the statutes and caselaw do not specifically identify a better course for resolving this claim. In reaching this conclusion, the undersigned is particularly influenced by Judge Thornburg's decision discussed above, even though it is unpublished, as well as the holding in Pruitt that "the settlement as approved becomes an award enforceable, if necessary, by a court decree." Pruitt, 289 N.C. at 258 (citing Biddix v. Rex Mills, Inc., 237 N.C. 660 (1953)). See also, Saunders v. Edenton OB/GYN Center, 352 N.C. 136, 139 (2000).

In addition, although Anderson contends N.C.Gen.Stat § 97-91 gives the Commission *exclusive* jurisdiction over FMC's breach of contract claim, the undersigned is not convinced that the language of the statute – "[a]ll questions under this Article **if not settled by agreements of the parties interested therein**, with the approval of the Commission, shall be determined by the Commission" – actually supports Anderson's position. Instead, a fair application of the statute to a case where a Settlement Agreement was executed and approved, suggests that a court may

---

[1]  Sur-replies are generally disfavored by this Court; however, FMC sought and was granted leave to file a sur-reply brief. (Document Nos. 51-52). Anderson failed to seek leave to file his reply to the sur-reply.

have jurisdiction over questions about a settlement agreement, especially if such questions do not "arise under" the Act.

Based on the foregoing, the Court concludes, at least at this stage in the proceedings, that FMC's claim for breach of contract does not "arise under" the Act. As noted above, the parties are diverse and the amount in controversy exceeds $75,000, and Anderson persuasively argued for removal of FMC's claim to this Court based on both subject matter and supplemental jurisdiction. As such, Anderson's motion to dismiss for lack of jurisdiction will be denied.

### 2. <u>Sufficiency of Claim</u>

The next issue is whether FMC's claim for breach of contract states a claim upon which relief may be granted. Anderson's briefing on dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is considerably less developed than his jurisdictional arguments. (Document No. 43). Basically, Anderson makes the conclusory argument that "FMC cannot make a claim for breach of contract because the only circumstances a workers' compensation agreement can be altered or sued upon or set aside is through the Industrial Commission and only by filing a motion with the Industrial Commission." (Document No. 43, pp.11-12). In essence, Anderson's 12(b)(6) argument is the same as his argument against jurisdiction.

The Court is satisfied that the claim for breach of contract meets the minimum standards set forth above in the standards of review. The undersigned finds that FMC's claim should survive because it contains "enough facts to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1960 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). As such, Anderson's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.

### B. Summary Judgment

Also pending before the Court is FMC's "…Motion For Summary Judgment As To Its Claim Against Plaintiff For Breach Of Contract" (Document No. 40).  Now that the Court is satisfied that it has jurisdiction over this claim, the next question is whether there is a genuine issue of material fact.

FMC contends that Anderson breached the parties' Settlement Agreement "by, among other things, taking the position and maintaining in this lawsuit that FMC did not have a reasonable basis to dispute his claim for worker's compensation benefits." (Document No. 40, p.2).  Specifically, FMC argues that at a deposition on February 22, 2012, Anderson "refused to agree and/or acknowledge that FMC had reasonably denied his claim" for benefits;  and, on March 16, 2012, he "denied a Request to Admit served by FMC requesting Plaintiff to admit that FMC had reasonably denied his claim." (Document No. 41, p.3).  FMC now requests summary judgment "entering a permanent injunction enjoining Anderson from further breach of his contractual obligations and agreement that Plaintiff's claim for workers' compensation benefits was reasonably denied by FMC." (Document No. 40, p.3).

FMC contends that "[i]t is indisputable that Plaintiff Anderson breached the terms of the parties' agreement." (Document No. 41, p.8).  As noted above, the basis for FMC's claim is a brief exchange at Anderson's deposition and his response to a request to admit. (Document No. 41, pp.6-7).  The pertinent evidence follows:

Deposition exchange

> Question:    It's in here, would you agree that this term says the claim was reasonably denied, is that what that language says?
>
> Answer:    I agree that that's what that says, yes.

Question:     Okay. Al right. Well, are you intending – now you're taking a different position that the claim was not reasonably denied by FMC; is that right?

MR. ROBERTS:     Objection. He's not taking a different position. Not a position he took in this clincher agreement.

Question:     Are you reneging on this term of this agreement by taking the position now that your workers' comp claim was not reasonably denied?

Answer:     It was – to my understanding and to the explanation of me, when I signed this, I was not agreeing that I agreed with each and every thing in this, and that this was just a clincher form which was just something that they had to do to send in to the Industrial Commission.

Id.

FMC's Request to Admit and Anderson's Response

1.  Admit that FMC reasonably denied your claim for workers' compensation benefits related to your alleged on the job injury at FMC occurring on October 11, 2009.

RESPONSE:     Plaintiff objects to the Defendant's request to admit. This admission asks for a legal conclusion and the term "reasonably" is vague. Plaintiff further objects that this request is beyond the scope of permissible discovery. Notwithstanding said objections, Plaintiff contends that his workers' compensation case should have been accepted because Plaintiff injured himself on the job on October 11th, 2009.

(Document No. 41, p.7). FMC contends that these statements by Anderson constitute a failure to admit that "FMC reasonably denied his claim," and therefore, Anderson "is in breach of the terms of the Agreement." Id.

The undersigned agrees that these statements by Anderson are inconsistent with certain provisions of the parties' Settlement Agreement (Document No. 41-1). At minimum, these

18

inconsistencies are likely to be interesting to a jury during trial, if necessary, when considering the circumstances of Anderson's alleged wrongful termination, and/or whether or not he breached the Settlement Agreement. In addition, the language of N.C.Gen.Stat. § 97-17 may support a finding that Anderson's alleged denial of provisions of the Settlement Agreement is a violation and/or a breach of the Settlement Agreement:

> The unambiguous language of G.S. 97-17 prohibits all parties to any agreement for compensation, when approved by the Commission, to deny the truth of the matters therein set forth unless it is made to appear to the satisfaction of the Commission 'that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Industrial Commission may set aside such agreement.' Neal v. Clary, 259 N.C. 163, 130 S.E.2d 39 (1963).

Pruitt, 289 N.C. at 259. It does appear that Anderson is denying "the truth of the matters therein set forth," but there is no evidence that he has shown to the Commission that "there has been error due to fraud, misrepresentation, undue influence or mutual mistake." See N.C.Gen.Stat. § 97-17 (a).

However, the undersigned is not convinced that summary judgment is appropriate at this stage. In fact, the deposition testimony FMC relies on suggests there are questions of fact regarding what Anderson agreed to, or thought he was agreeing to, by signing the Settlement Agreement. Moreover, FMC has failed to identify any persuasive authority supporting its argument that Anderson's cited statements amount to a breach of contract. The Settlement Agreement clearly required FMC to pay Anderson $95,000.00, but Anderson's obligations under the Settlement Agreement are less certain.

19

The undersigned also observes that testimony at trial regarding the circumstances and timing of the Settlement Agreement, Anderson's Complaint and Amended Complaint, and FMC's Complaint, may be helpful to the finder of fact in resolving the issues before the Court.

Anderson's "…Response…" (Document No. 44) to the pending motion for summary judgment is not particularly helpful to the extent it echoes his argument that jurisdiction on the breach of contract claim is inappropriate. However, Anderson does raise arguments that: (1) the parties never negotiated whether or not FMC reasonably denied his claim; and (2) he never received consideration for allegedly agreeing that his claim was reasonably denied. These arguments further suggest that there are issues of fact that preclude summary judgment at this time.

Based on the foregoing, the Court will deny "…FMC Corporation's Motion For Summary Judgment…" (Document No. 40).

## C. Sanctions Against Plaintiff

On September 14, 2012, FMC filed its "…Motion To Hold Plaintiff In Contempt Of Court; Defendant's Motion To Find Plaintiff Guilty Of Spoliation Of Evidence; And Motion For Related Sanctions Including Dismissal Of Plaintiff's Claims For Back Pay" (Document No. 33). In short, FMC contends that Anderson has repeatedly failed to cooperate in the discovery process; failed to adequately comply with this Court's "Order" (Document No. 28) requiring him to, among other things, supplement certain discovery responses; and that he is guilty of spoliation of evidence for destroying a lap top computer that likely had pertinent discoverable information related to this case. (Document Nos. 33-34). FMC seeks to recover costs and fees related to Anderson's failures to comply with discovery, as well as the dismissal of Anderson's claims for back pay. Id.

20

The undersigned notes that this Court specifically ordered Anderson to supplement his response, after a search of his e-mail account(s), to more fully respond to Request For Production No. 5 seeking "any all documents reflecting or pertaining to your efforts to retain employment…" (Document No. 28). Even though the Court required such production by July 13, 2012, by his own admission Anderson did not provide copies of e-mails until October 1, 2012. After careful review of the parties' briefs, as well as the Court's previous consideration of a motion to compel (Document No. 20), the undersigned is persuaded that Anderson has failed to adequately cooperate in discovery. While Anderson's actions, or inaction, may not be as egregious as alleged by FMC, it does appear that sanctions pursuant to Fed.R.Civ.P. 37 (a)(5) and/or (b)(2) are appropriate.

Based on the foregoing, Plaintiff Anderson shall reimburse Defendant FMC for its costs and fees associated with the preparation of Document No. 33. The parties are encouraged to arrange for the payment of reasonable costs and fees without further Court intervention. If the parties are unable to resolve this issue, FMC may file an appropriate motion supported by an affidavit outlining in detail its reasonable costs and fees associated with its motion (Document No. 33), on or before **May 24, 2013**.

In addition, the Court will take under advisement FMC's request that certain claims be stricken based on spoliation of evidence. FMC may renew its request, with an updated brief of **ten (10) pages** or less, on **June 3, 2013**.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant FMC Corporation's Motion To Hold Plaintiff In Contempt Of Court; Defendant's Motion To Find Plaintiff Guilty Of Spoliation Of Evidence; And Motion For Related Sanctions Including Dismissal Of Plaintiff's Claims For

21

Backpay" (Document No. 33) is **GRANTED in part**, and **denied in DENIED part**, as more fully described herein.

**IT IS FURTHER ORDERED** that "Defendant-Counter Plaintiff FMC Corporation's Motion For Summary Judgment As To Its Claim Against Plaintiff For Breach Of Contract" (Document No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** "Plaintiff-Counter Defendant F.L. Anderson Jr.'s Motion To Dismiss Defendant FMC Corporation's Breach Of Contract Complaint" (Document No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a notice identifying a mediator for this case on or before **April 5, 2013**; a report on the results of mediation shall be filed with the Court on or before **May 20, 2013**.

**IT IS FURTHER ORDERED** that a trial in this matter will be held during the undersigned's next civil term which begins **June 24, 2013**.

**SO ORDERED**.

Signed: March 22, 2013

David C. Keesler
United States Magistrate Judge

22